Filed 2/20/14  P. v. Dillon CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>KATHERINE ELAINE DILLON,<br><br>　　　　Defendant and Appellant. | H040020<br>(Santa Clara County<br>Super. Ct. No. C1228637) |

Defendant Katherine Elaine Dillon appeals from a final judgment of conviction following a jury trial.  Defendant's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal and that an independent review under *Wende* was being requested.  We notified defendant of her right to submit a written argument on her own behalf within 30 days.  The 30-day period has elapsed, and we have not received a written response from defendant.

Pursuant to *Wende*, we reviewed the entire record and found no arguable issues. We will therefore provide "a brief description of the facts and procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 110 (*Kelly*).)  We will further include information about aspects of the trial court proceedings that might become relevant in future proceedings.  (*Id*. at p. 112.)

**FACTUAL AND PROCEDURAL BACKGROUND**

Our summary of the facts are taken from the evidence and testimony presented at the jury trial.

*Prosecution Evidence*

On November 6, 2011, Santa Clara County Sherriff's Deputy Kelvin Mah was patrolling an area in the City of Saratoga. Mah testified at trial that at approximately 9:50 p.m. he noticed that a car in front of him had a broken taillight. He initiated a traffic stop and positioned his spotlight on the car. As Mah approached the car from the driver's side, defendant, who was alone in the car, rolled down the window and Mah noticed an odor of marijuana. Mah asked defendant for her driver's license and registration. He also asked defendant if there was anything illegal in the car. Defendant gave Mah a medical marijuana card and indicated that she had some cannabis. Mah testified that he asked defendant for her consent to search the car. After she consented, Mah asked her to step outside the car. As defendant came out of the car, a glass pipe fell from her lap and shattered on the road. Mah testified at trial that the pipe appeared to be the kind commonly used to smoke methamphetamine and that the pipe had dark marks which indicated it had been used.

Mah walked defendant to his patrol car and searched the car. He found a woman's handbag on the front passenger seat that had a plastic bag containing a white crystal substance that Mah recognized to be methamphetamine. Mah testified that the substance tested presumptively positive for methamphetamine using a narcotics identifier kit (NIK) in his patrol car. Mah placed defendant in handcuffs and continued searching the rest of defendant's car. He eventually located another handbag in the backseat of the car that had plastic bags containing marijuana. Mah returned to his patrol car and read defendant her rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. Mah then asked defendant if the purse found in the car's front seat was hers. Defendant answered that the

2

bag was hers, but she did not know what methamphetamine was and that she had had friends in her car earlier that day. She denied having any knowledge about the glass pipe.

Vincent Deitchman, a criminalist with the Santa Clara County crime laboratory, testified at trial that lab tests confirmed that the white crystal substance found in the black handbag was methamphetamine.

*Defendant's Testimony*

Defendant testified on her own behalf. She asserted that her car had been broken into two days before her arrest and that she had not taken an inventory of everything that was inside the car after the break-in. Prior to her arrest, she had gone to the medical cannabis club and had given a few friends a ride home. She was pulled over by Mah when she was on her way to West Valley College. Defendant explained that she had taken multiple objects out of her glove box and had placed them in her lap after Mah asked her for her registration. She also asserted that she heard something drop onto the road when she stepped out of her car and that the glass pipe was likely one of the items she had taken out from the glove box earlier.

Defendant testified that she did not use methamphetamine and had no knowledge of the glass pipe. She maintained that she had not given Mah consent to search her vehicle. She also stated that the black bag containing the methamphetamine had actually been located in the backseat of the car, not the front seat, and that the friends she had given a ride to earlier in the day had been in the backseat with the bag. She did not give Mah the names of the friends because they were minors and she did not want to get them in any trouble.

*Procedural Background*

Defendant was charged, by information, for a count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1), a count of possession of controlled substance paraphernalia (*id*., § 11364; count 2), a count of

3

possession of concentrated cannabis (*id*., § 11357, subd. (a); count 3), and a count of destroying or concealing evidence (Pen. Code, § 135; count 4).

Jury trial on counts 1 and 2 began on June 18, 2013. The jury reached a verdict on June 20, 2013, finding defendant guilty on both counts. On August 9, 2013, defendant was placed on formal probation for two years, subject to various terms and conditions, and was placed in a Proposition 36 treatment program. Counts 3 and 4 were dismissed. The trial court imposed various fines and fees, including a $220 restitution fund fine under Penal Code section 1202.4 and a suspended $220 probation revocation fine under Penal Code section 1202.44. Defendant filed a notice of appeal on August 9, 2013.

## DISCUSSION

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Kelly*, *supra*, 40 Cal.4th 106, we have independently reviewed the entire record and have found no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

_____
                                Premo, J.

WE CONCUR:

_____
        Rushing, P.J.

_____
        Márquez, J.

5